UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES SCOTT VOROUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WACHOVIA MORTGAGE, FSB,<br><br>　　　　　Defendant. | No. CV-11-0320-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, CANCELLING LIS PENDENS, ENTERING JUDGMENT, AND CLOSING FILE** |

　　Before the Court, without oral argument, is Defendant Wachovia Mortgage's Motion to Dismiss, which seeks dismissal of Plaintiff James Scott Vorous' quiet-title complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted. ECF No. 5. Although granted an opportunity to file a response after the typical response deadline, Mr. Vorous failed to respond by the November 23, 2011 deadline. After reviewing the record and relevant authority, the Court grants Wachovia's motion for the reasons given below.

**A.　History**

　　On August 16, 2011, Mr. Vorous filed an Original Petition for Quiet Title ("Complaint") in state court, seeking a ruling that Wachovia

ORDER * 1

Mortgage's[1] ("Wachovia") 2008-filed deed of trust in Spokane County relating to real property that Mr. Vorous now has title to is void. ECF No. 2-1. Wachovia then removed the lawsuit to federal court on August 29, 2011. ECF No. 1. And on September 1, 2011, Wachovia filed the instant motion to dismiss. ECF No. 5. Thereafter, on September 23, 2011, Mr. Vorous sought remand and also leave to file his opposition to Wachovia's dismissal motion after the Court ruled on his remand motion. ECF Nos. 9 & 10. On October 24, 2011, the Court denied Mr. Vorous' Motion to Remand and granted Mr. Vorous an additional thirty days to respond to Wachovia's dismissal motion. ECF No. 14. No filings followed the Court's October 24, 2011 Order.

**B.   Failure to Respond**

In the October 24, 2011 Order, the Court cautioned Mr. Vorous that a failure to respond to Wachovia's dismissal motion can be considered by the Court as consent to Wachovia's dismissal motion. ECF No. 14 at 2 (citing LR 7.1(e)). Mr. Vorous had also received this caution earlier in the Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule Requirements, ECF No. 8, on September 29, 2011. Notwithstanding these two cautions, Mr. Vorous failed to file a response to Wachovia's dismissal motion. Accordingly, the Court considers Mr. Vorous' failure to respond as consent to Wachovia's dismissal motion.

**C.   Merits of Wachovia's Motion**

Notwithstanding Mr. Vorous' consent to dismissal, the Court also addresses Wachovia's dismissal motion. The Court finds the Complaint

---

[1] Wachovia is division of Wells Fargo Bank, N.A.

ORDER ~ 2

fails to state a quiet-title claim and therefore grants Wachovia's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The December 2, 2010-recorded quitclaim deed from Edison Dorland to Mr. Vorous did not extinguish Wachovia's February 5, 2008-recorded deed of trust. This 2008 deed of trust secured a $139,500 loan that Mr. Dorland received from Wachovia. There is no allegation that this loan was repaid, satisfying the deed of trust. Because the unsatisfied deed of trust was recorded before the quitclaim deed was recorded, Wachovia's lien interest in the real property is superior to Mr. Vorous' fee interest in the same property. RCW 65.08.070; *see Seattle Mortg. Co., Inc. v. Unknown Heirs of Gray*, 133 Wn. App. 479, 495 (2006) (recognizing the first-in-time recording is given priority). Therefore, based on the alleged facts, Mr. Vorous is not entitled to quiet title. Because Mr. Vorous' lawsuit is resolved, his August 16, 2011 recorded Lis Pendens, ECF No. 2-1 p. 12, in Spokane County Superior Court is cancelled. RCW 4.28.325 (allowing the court to cancel a recorded lis pendens when the real-property action is resolved).

**D. Conclusion**

Accordingly, **IT IS HEREBY ORDERED:**

1. Wachovia's Motion to Dismiss, **ECF No. 5**, is **GRANTED**.

2. The Complaint, **ECF No. 2-1**, is **DISMISSED with prejudice.**

3. **Judgment** is to be entered in Wachovia's favor with prejudice.

4. Mr. Vorous' August 16, 2011-dated Lis Pendens, which was recorded on August 16, 2011, in Spokane County Superior Court is to be **CANCELLED.**

5. All pending motions and hearings are **STRICKEN**.

6. This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Mr. Vorous, counsel, and the Spokane County Auditor's Office.

**DATED** this ___5th___ day of December 2011.

                            s/ Edward F. Shea
                              EDWARD F. SHEA
                        UNITED STATES DISTRICT JUDGE

Q:\Civil\2011\0320.dismiss.lc1.frm

ORDER * 4